MERRITT, Circuit Judge,
dissenting.
The Conflicts Restatement, relied on by my colleagues, does not take into account the overriding purpose and policy of uni *929 formity behind the ERISA statute or behind the interpretation of ERISA benefits contracts. I, therefore, think that the Conflicts Restatement is of marginal value in the interpretation of this particular contract provision calling for the application of Michigan law. Moreover, the Conflicts Restatement provisions themselves are not entirely clear and are open to several interpretations leading to varying results in the resolution of this dispute. Instead of applying a uniform governing law to the ERISA benefits an employee and his family receive, the benefits will be distributed under the Court’s view according to a calculation based upon where the marriage occurred, marital domicile, etc. — a place that could be anywhere in the world for employees of a global automobile company.
Our Court imposes on this ERISA transaction the law of the place of the first marriage and the home of the decedent (Ohio) instead of the law of the place of the second marriage (Nevada) or the domicile of the first wife (Tennessee) or the law explicitly chosen by the parties for the interpretation of their benefits contract (Michigan). If I were going to count up the “contacts” with my colleagues, I would find just as many in favor of an application of Michigan law as Ohio law. The decedent worked in Michigan; the court below sits in Michigan; the money to be paid comes from the Michigan employer as a result of a contract formed and performed in Michigan. But I do not think that counting up “contacts” and state “interests” and “relationships” is the best way to go about deciding whose law applies to this transaction. The parties themselves decided that Michigan law should apply; and considerations of uniformity, simplicity, clarity and efficiency lead me to accept their resolution of the problem. My colleague’s discussion of the various interests is interesting but I think overly complex and convoluted and seems to me to impair the explicit obligations concerning the governing law that the parties themselves wrote into their contract. Therefore, I would affirm the judgment of the district court.